IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

MIGUEL SANTIAGO,

             Petitioner,

             v.

PUBLIC EMPLOYEES RELATIONS BOARD,
GOVERNMENT OF THE VIRGIN ISLANDS,
VIRGIN ISLANDS WORKERS UNION, and
VIRGIN ISLANDS WATER AND POWER
AUTHORITY,

             Respondents.

**CASE NO.: SX-14-CV-113**

PETITION FOR WRIT OF REVIEW

**2020 VI Super 57U**

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO RECONSIDER

Before the Court is Petitioner Miguel Santiago's Motion to Reconsider Order of Dismissal of Petition for Writ of Review, filed February 6, 2020; Respondent Public Employees Relations Board's Opposition, filed February 19, 2020; and Petitioner's Reply, filed March 4, 2020. For the reasons that follow, Petitioner Santiago's Motion for Reconsideration will be denied, although he will be provided the opportunity to file an application for review by new appeal to the Superior Court on or before June 5, 2020 regarding the April 30, 2014 Decision and Order of PERB in PERB-ULPC-10-26X.

## BACKGROUND

On July 31, 2009, Petitioner filed an unfair labor practice charge with PERB, docketed as *Santiago v VIWU & VIWAPA* (PERB-ULPC-09-65X). Petitioner alleged a violation of 24 V.I.C.§ 378(a)(6),(7) & (8) and (b)(3),(4) & (5) by the Virgin Islands Workers Union for failure to make a demand for arbitration relative to his demotion by his employer Virgin Islands Water and Power Authority. The hearing on this charge was held April 21, 2010, April 22, 2010, and May 5, 2010. After the hearing in PERB-ULPC-09-65X, on May 28, 2010, Petitioner filed a separate second unfair labor practice charge with PERB against the Union and VIWAPA, docketed as *Santiago v VIWU & VIWAPA* (PERB-ULPC-10-26X), alleging violations of 24 V.I.C. § 378(a)(1), (4), (6), (7) & (8) and (b)(3), (4) & (5) with regard to VIWAPA's termination of his employment. On June 14, 2010 and June 15, 2010, respectively, the Union and VIWAPA each filed motions to dismiss

PERB-ULPC-10-26X. Following an informal conference to address the second case, on September 30, 2010, Petitioner filed his Motion to Consolidate PERB-ULPC-10-26X with PERB-ULPC-09-65X. PERB did not consolidate the matters.

PERB issued its final order dismissing PERB-ULPC-09-65X by Decision and Order dated March 20, 2014. In PERB-ULPC-10-26X, Decision and Order was issued April 30, 2014, dismissing Petitioner's motion seeking consolidation with the first case, which had already been dismissed, and dismissing Petitioner's second case against each Respondent.

Following PERB's March 20, 2014 Decision and Order dismissing Petitioner's unfair labor practice charge in PERB-ULPC-09-65X, Petitioner had 20 days, until April 10, 2014, within which to file his application for review of the final order with the Superior Court. *See* 24 V.I.C. §380(a). Petitioner's Petition for Writ of Review was filed April 14, 2014, four days after the 20-day filing deadline had passed. The Petition noted that PERB's Decision and Order, although dated March 20, 2014, was only "communicated to [him] on March 24, 2014." Yet, the Supreme Court has held that "…the language 'the date of the final order' in section 380(a) refers to the date of the order itself, and not the date the order was served on the parties," and a petition filed more than 20 days following the order in issue is untimely. *Public Employees Relations Bd. v. United Indus. Workers-Seafarers Int'l Union*, 56 V.I. 429, 438-439 (V.I. 2012).

On May 14, 2014, Petitioner apparently filed in this action his Amended Petition for Writ of Review, seeking to appeal both the March 20, 2014 final order in PERB-ULPC-09-65X and the April 30, 2014 final order in PERB-ULPC-10-26X. For unknown reasons, Petitioner's Amended Petition was neither noted in the Superior Court's electronic docketing system nor filed in the original paper document file, and the January 23, 2020 Order of Dismissal did not consider the Amended Petition. While the record does not include a filed Amended Petition, it does reflect by returns of service that both the original Petition and the Amended Petition were served together on August 4, 2014 and August 7, 2014, respectively, upon PERB and VIWAPA. PERB's Motion to Dismiss, filed September 22, 2014, argued that Petitioner's failure to meet the statutory filing deadline deprived this Court of subject matter jurisdiction.[1] PERB's Motion to Dismiss also

---

[1] PERB's Motion to Dismiss did not challenge the timeliness of service of process of the original Petition, which was to be accomplished within 90 days of the date of the filing, pursuant to Super. Ct. R. 27 and Fed. R. Civ. P. 4(m) then in effect. Service was made here 112 days after the Petition was filed. No ruling is presently required as to whether PERB has waived that defect in service of process.

referenced the Amended Petition and sought its dismissal on the basis that the two unfair labor practice charge cases had not been consolidated by PERB and must be treated as two separate appeals from two separate final orders of PERB.

Petitioner filed no response or opposition to PERB's September 22, 2014 Motion to Dismiss.[2] By Order of Dismissal dated January 23, 2020, this Court found Petitioner's Petition untimely, granted the unopposed Motion to Dismiss, denied the Petition and dismissed the action.

By his present timely Motion to Reconsider under V.I. R. Civ. P. 6-4, Petitioner argues that: a) Petitioner's May 14, 2014 Amended Petition constitutes new evidence that entitles Petitioner to reconsideration of the Order of Dismissal; b) the Court failed to address an issue raised regarding the Amended Petition and thus should reconsider its Order of Dismissal; and c) the Court should reconsider its Order of Dismissal to correct a clear error of law.

## LEGAL STANDARD

V.I. R. Civ. P. 6-4 allows a party to seek reconsideration of an order or decision within 14 days after its entry.

> (b) Grounds. A motion to reconsider must be based on:
> (1) intervening change in controlling law;
> (2) availability of new evidence;
> (3) the need to correct clear error of law; or
> (4) failure of the court to address an issue specifically raised prior to the court's ruling.
>
> Where ground (4) is relied upon, a party must specifically point out in the motion for reconsideration where in the record of the proceedings the particular issue was actually raised before the court.

V.I. R. Civ. P. 6-4(b).

Here, pursuant to V.I. R. Civ. P. 6-4(b)(2), (3) and (4), Petitioner seeks reconsideration of the Court's January 23, 2020 Order of Dismissal, which denied Petitioner's Petition for Writ of

---

[2] By his Motion to Reconsider, Petitioner claims that his counsel never received PERB's Motion to Dismiss, and that the first notice to Petitioner of the Motion to Dismiss "was upon receiving the Court's Order of Dismissal on January 28, 2020." Motion to Reconsider, at 3. PERB's Motion to Dismiss includes a Certificate of Service that certifies that on September 22, 2014, it was "mailed, postage prepaid, first-class mail" to Petitioner's counsel at the same Christiansted Post Office box address that appears on Petitioner's filings. Petitioner does not explain how more than five years could pass after the filing of PERB's Motion to Dismiss without him becoming familiar with the status of his Petition and this action.

Review and dismissed his appeal of the Decision and Order of PERB in *Santiago v VIWU&*
*VIWAPA* (PERB-ULPC-09-65X).

## DISCUSSION

### A) The May 14, 2014 Amended Petition does not constitute new evidence that entitles Petitioner to reconsideration.

Petitioner asserts that the fact of his filing of the May 14, 2014 Amended Petition that is
not a part of the record before the Court constitutes new evidence that entitles him to
reconsideration of the Order of Dismissal. The fact that Petitioner filed his Amended Petition for
Writ of Review, seeking review of the final order in PERB-ULPC-10-26X as well as that in PERB-
ULPC-09-65X, is not new evidence relevant to the Court's January 23, 2020 Order of Dismissal
of the appeal of PERB-ULPC-09-65X. The Order granted PERB's unopposed September 22, 2014
Motion to Dismiss, determining that Petitioner's original Petition, filed April 14, 2014, was out of
time according to 24 V.I.C. § 380(a), as the 20-day filing period had expired April 10, 2014. Even
if the fact that Petitioner subsequently filed an Amended Petition on May 14, 2014 related to
PERB's April 30, 2014 Decision and Order dismissing a second unfair labor practice charge, not
consolidated by PERB with the original charge, may be characterized as "new evidence," it is not
evidence that has any bearing on the Order of Dismissal. Because the Order found that the original
Petition was untimely filed, the fact of a subsequent amended filing cannot retroactively affect the
timeliness of the original Petition.

PERB argues that the information set out in Petitioner's Amended Petition is not new
evidence relative to the Order of Dismissal, as the issues raised in the Amended Petition relate to
a second case, separate and distinct from those addressed in the original Petition and the Order of
Dismissal. The fact that Petitioner filed an Amended Petition relating to a subsequent PERB final
order relating to a different unfair labor practice charge before PERB, not consolidated with the
original, cannot be deemed new evidence requiring reconsideration of the dismissal of Petitioner's
original Petition for lack of compliance with the statutory filing deadline.

### B) There was no issue that the Court failed to address regarding the Amended Petition that requires reconsideration of the Order of Dismissal.

Petitioner asserts that reconsideration is appropriate as the Court failed to address issues
that were specifically raised prior to the ruling. He points to the fact that the Amended Petition

missing from the Court's files was referenced in PERB's Motion to Dismiss, such that an analysis of the Amended Petition was a necessary prerequisite to the entry of the Order of Dismissal.

Although the charges within the Amended Petition arise from the same series of events as the original Petition, PERB adjudicated the two separate charges in the same manner as they were filed at PERB, as two wholly distinct cases. Not only were they two separately filed unfair labor practices charges, but second, PERB-ULPC-10-26X, was not filed until the conclusion of three days of evidentiary hearing in the original case, PERB-ULPC-09-065X. Each of the two charges before PERB was addressed and considered by PERB separately from and independent of the other, and each was determined in a separate final Decision and Order by PERB. Consistently, the appeal from the final order on each charge was initially filed in the Superior Court through two separate petitions. Obviously, the April 14, 2014 Petition seeking review of the March 20, 2014 PERB Decision and Order could not have included a request for review of the Decision and Order in PERB-ULPC-10-26X, which was not issued until April 30, 2014. PERB argues that Petitioner has improperly attempted to amend his original Petition to add his appeal from a different PERB action that had not been consolidated with the original, and that should have been filed separately as they were before PERB.

Reconsideration is not appropriate in this matter under V.I. R. Civ. P. 6-4(b)(4). Petitioner raised no issue concerning his filing of the Amended Petition prior to the January 23, 2020 Order of Dismissal. For that matter, Petitioner filed nothing in response to PERB's Motion to Dismiss and took no steps to prosecute his appeal in the five and a half years PERB's Motion to Dismiss was pending. The reference to the Amended Petition in PERB's Motion to Dismiss was not an issue specifically raised that the Court failed to address. Despite an opportunity to do so over half a decade, Petitioner did not raise any such issue, or even oppose PERB's Motion to Dismiss. All issues raised before the Order of Dismissal was entered were raised by PERB in furtherance of its unopposed Motion to Dismiss and were addressed as such by the Court. In this setting, no issues were specifically raised that relate to the viability of Petitioner's Amended Petition or to the subsequent PERB Decision and Order in PERB-ULPC-10-26X, the second case that Petitioner seeks to have reviewed by his Amended Petition.

**C) The Court committed no clear error of law in its Order of Dismissal that needs to be corrected on reconsideration.**

In support of this argument, Petitioner relies upon a footnote in the Supreme Court's opinion in *PERB v. UIW-SIU*, concluding that the Supreme Court implicitly recognized the propriety of extending the time for filing set out in 24 V.I.C. § 380(a) where PERB failed to serve its final order on the parties on the same date that the final order was issued. The footnote states:

> We note, however, that in the instant case the [petitioner] UIW-SIU has made no allegation that PERB failed to issue its order to the parties on April 28, 2010, or that PERB sought to violate the UIW-SIU's due process rights by depriving it of the right to timely seek judicial review. *PERB v. UIW-SIU*, 56 V.I. at 438, n.4.

However, the same footnote also states:

> Finally, while counsel for the UIW-SIU represented at the hearing that he did not receive the April 28, 2010 Order until May 3, 2010, counsel has failed to provide any explanation — either to this Court or the Superior Court — as to why he could not have filed a petition for writ of review prior to the May 18, 2010 deadline. *Id.*

Petitioner argues that the 20-day filing period in this matter should be deemed extended four days since the envelope in which PERB's March 20, 2014 Decision and Order was delivered to counsel was postmarked March 24, 2014. However, as in *PERB v. UIW-SIU,* Petitioner has failed to provide any explanation as to why he could not have filed his Petition for Writ of Review prior to April 10, 2014, the date of the expiration of the 20-day filing deadline mandated by section 380(a). Without such an explanation, the Court cannot determine that the filing deadline must be extended because Petitioner was deprived of due process by PERB's failure to deliver to counsel its Decision and Order on the date it was rendered.

Petitioner also argues that the 20-day filing period of 24 V.I.C. § 380(a) represents a claims-processing rule and is not jurisdictional. In *PERB v. UIW-SIU*, the Supreme Court explained that a statutory limitation deadline is jurisdictional if it governs a court's ability to adjudicate, and is a claims-processing rule if it seeks to promote the orderly processing of litigation, but does not limit a court's authority to hear a case. 56 V.I. at 435. The Supreme Court declined to decide "*sua sponte* and without briefing—the novel issue of whether the Legislature by mandating a remedy other than dismissal in section 380(a) – summary judgment enforcing the final order of the PERB— has transformed what would otherwise qualify as a jurisdictional limitations period into a claims-processing rule." *Id.*

As noted in the Order of Dismissal, the Supreme Court "has never broadly held that in every context, any requirement in any statute is a jurisdictional one." *Brooks v. Gov't of the V.I.*, 58 V.I. 417, 424 (V.I. 2013). Rather, the reviewing court must "attempt to ascertain the Legislature's intent as to whether a procedure embodied in a statute is meant to regulate the process of obtaining review or to limit the court's adjudicative authority." *Id.* at 426. However, here, as in *Brooks* and *PERB v. UIW-SIU,* "[w]e need not decide whether an untimely filed petition for review under section 380 of title 24 deprives the Superior Court of jurisdiction." *Id.*

Whether jurisdictional or claims-processing, the Supreme Court has held that "...the language 'the date of the final order' in section 380(a) refers to the date of the order itself, and not the date the order was served on the parties," such that a petition filed more than 20 days following the date of a final order of PERB is untimely. *PERB v. UIW-SIU*, 56 V.I. at 438-39. Because Petitioner's Petition was untimely filed, pursuant to 24 V.I.C. § 380(a), PERB, as prevailing party below, is entitled to summary judgment enforcing the March 20, 2014 final Decision and Order in PERB-ULPC-09-65X.

However, Petitioner's May 14, 2014 Amended Petition related to and was filed within 20 days of PERB's April 30, 2014 Decision and Order in PERB-ULPC-10-26X. While it was improperly filed as a proposed Amended Petition to the original Petition relating to PERB-ULPC-09-65X, due to an unexplained clerical error the proposed Amended Petition was not before the Court, and Petitioner's appeal of PERB-ULPC-10-26X was not addressed or disposed of by the January 23, 2020 Order of Dismissal. The Supreme Court has held that "[t]he determination of whether a particular order is appealable rests on its content and substance, not its form or title." *James v. O'Reilly*, 70 V.I. 990, 995 (V.I. 2019) (quoting *Simpson v. Board of Directors of Sapphire Bay Condominiums West*, 62 V.I. 728, 730 (V.I. 2015); *accord, Island Tile & Marble, LLC v. Bertrand*, 57 V.I. 596, 611-12 (V.I. 2012) ("[T]his Court has repeatedly held 'that the substance of a motion, and not its caption, shall determine under which rule that motion is construed.'") (other citation omitted)).

Accordingly, Petitioner will be provided the opportunity to refile his application for review with regard to PERB-ULPC-10-26X pursuant to 24 V.I.C. § 380(a) with the Clerk of the Superior Court, together with the required filing fee, on or before June 5, 2020. This Order does not address the propriety and timeliness of any appeal to be filed, including whether the statutory time limitation may be subject to equitable tolling. Also not addressed by this Order is any issue

regarding Petitioner's failure to prosecute his appeal for over five and a half years from the original filing date of May 14, 2014, or any other potential affirmative defenses to a new filing. In light of the foregoing, it is hereby

ORDERED that Petitioner's Motion for Reconsideration is DENIED. It is further

ORDERED that Petitioner may appeal to the Superior Court the final Decision and Order of PERB, dated April 30, 2014, in PERB-ULPC-10-26X, by filing his application for review, together with the applicable filing fee, on or before June 5, 2020; and any such new action commenced shall be subject to all defenses that may be raised by any respondent therein. It is further

ORDERED that this case is CLOSED.

DATED: April 30, 2020.

DOUGLAS A. BRADY, JUDGE

ATTEST:

TAMARA CHARLES
Clerk of the Court
By: _____
        Court Clerk Supervisor
        5/4/2020